IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cherry Grove Beach Gear, LLC, Derek Calhoun, and Jacqueline Calhoun,<br><br>    Plaintiffs,<br>vs.<br><br>City of North Myrtle Beach,<br><br>    Defendant. | Case No.: 4:22-cv-02198-RBH<br><br>**ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT** |

  The Defendant City of North Myrtle Beach ("City"), by and through undersigned counsel, hereby answers Plaintiffs' Complaint and states as follows:

**FOR A FIRST DEFENSE**
**(Denial)**

  Each and every allegation in Plaintiffs' Complaint not hereinafter specifically admitted is denied, and strict proof of such allegations is demanded.

  1. The City admits the allegations of Paragraph 1 of the Complaint on information and belief.

  2. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies them.

  3. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies them.

  4. Answering the allegations of Paragraph 4 of the Complaint, the City admits it is a municipality in Horry County and a political subdivision of the State of South Carolina.

  5. Answering the allegations of Paragraph 5 of the Complaint, the City admits that

this Court has personal and subject matter jurisdiction over this matter.

6. The City admits the allegations of Paragraph 6 of the Complaint.

7. The City admits the allegations of Paragraph 7 of the Complaint.

8. Responding to Paragraph 8 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 7 as though set forth herein verbatim.

9. The City admits the allegations of Paragraph 9 of the Complaint.

10. Answering the allegations of Paragraph 10 of the Complaint, the City admits, upon information and belief, that Plaintiffs D. Calhoun and J. Calhoun are citizens and residents of Horry County, South Carolina. The City denies all other allegations of Paragraph 10 of the Complaint.

11. The City admits the allegations of Paragraph 11 of the Complaint and submits that the referenced statute speaks for itself. The City further submits that its power and authority to regulate its beaches is not solely based on the cited statute, but derives from the broad "home rule" powers entrenched in South Carolina law.

12. Answering the allegations of Paragraph 12 of the Complaint, the City submits that the referenced statute speaks for itself and contains additional provisions not quoted by Plaintiffs.

13. The City denies the allegations of Paragraph 13 as worded and further responds that the City, for many years after adoption of Ordinance § 5-14, engaged third parties through franchise agreements to provide lifeguard services and rent beach wares but the City itself assumed responsibility for lifeguard services and related beach ware rentals in 2007 due to public safety concerns. The City admits that it employs lifeguards as City employees.

14. Answering the allegations of Paragraph 14 of the Complaint, the City admits that Ordinance § 5-14 prohibits the specified activities, as well as those activities which are integral

and incidental thereto, and submits that § 5-14 has been enacted for over thirty (30) years and enforced consistently.

15. Answering the allegations of Paragraph 15 of the Complaint, the referenced ordinance speaks for itself, and the City cites to its official language and legislative history.

16. The City specifically denies the allegations of Paragraph 16 and submits that they are contrary to the established history and undisputed facts occurring over thirty (30) years since passage of Ordinance § 5-14.

17. The City admits only so much of the allegations of Paragraph 17 as allege that the City has rightfully and lawfully engaged in the provision of lifeguard services and the rental of beach chairs and umbrellas, and limited concessions, *on* the public beaches since 2007, but denies that it has restricted or prohibited the rental or delivery of beach chairs and umbrellas elsewhere in the City and denies the remaining allegations and any related inferences which could be construed to allege wrongdoing or liability of the City.

18. The City admits only so much of the allegations of Paragraph 18 as could be construed to allege that the *gross* revenue for the past fiscal year related to beach chair and umbrella rentals fell within the stated range, but the City denies the allegations and inferences that the City "derived" such revenues because the *net* revenue to the City (after related expenses paid for lifeguard services and beach patrol) was approximately $200,000.

19. The City denies the allegations of Paragraph 19 because the City *does* pay sales tax on its beach rentals and hospitality fees on its applicable concession sales.

20. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies them.

21. The City admits only so much of the allegations of Paragraph 21 of the Complaint

as allege that Plaintiff Cherry Grove Beach Gear, LLC (CGBG) applied for and was granted a business license for "equipment rental" business category and pursuant to home occupation conditions, and that the license was renewed, but the City denies any remaining allegations or inferences of said paragraph.

22. The City denies the allegations of Paragraph 22 of the Complaint.

23. The City denies the allegations of Paragraph 23 of the Complaint.

24. The City denies the allegations of Paragraph 24 of the Complaint.

25. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, therefore, denies them.

26. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, therefore, denies them.

27. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, denies them.

28. The allegations of Paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

29. The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies the same.

30. Answering the allegations of Paragraph 30 of the Complaint, the referenced statutes speak for themselves, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

31. Answering the allegations of Paragraph 31 of the Complaint, the referenced statutes speak for themselves, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

32. The City admits only so much of the allegations of Paragraph 32 of the Complaint as can be construed to allege that the City previously adopted a hospitality tax pursuant to S.C. Code Ann. § 6-1-700 and an accommodations tax pursuant to S.C. Code Ann. § 6-1-500, but denies that these taxes are currently imposed or collected by the City and submits that the City repealed these taxes and collects hospitality and accommodation fees pursuant to S.C. Code Ann. § 6-1-330.

33. The City denies the allegations of Paragraph 33 of the Complaint.

34. The City denies the allegations of Paragraph 34 of the Complaint.

35. The City denies the allegations of Paragraph 35 of the Complaint, but submits that City officials warned Plaintiffs repeatedly (both verbally and in writing) of the prohibited activities under Ordinance § 5-14.

36. The City denies the allegations of Paragraph 36 of the Complaint.

37. The City denies the allegations of Paragraph 37 of the Complaint.

38. Answering the allegations of Paragraph 38 of the Complaint, the City admits only that Plaintiffs have been cited for their repeated violations of City ordinances, but denies the remaining allegations.

39. The allegations of Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

40. The allegations of Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

41. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and, therefore, denies them.

42. Answering the allegations of Paragraph 42 of the Complaint, the City admits only

that Ordinance § 5-24 was amended in June 2022, but denies the remaining allegations.

43. Answering the allegations of Paragraph 43 of the Complaint, the City admits that Plaintiffs have been cited for their repeated violations of City ordinances, but denies the remaining allegations.

## FOR A FIRST DEFENSE
## AS TO THE FIRST CAUSE OF ACTION

44. Responding to Paragraph 44 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 43 as though set forth herein verbatim.

45. Answering the allegations of Paragraph 45 of the Complaint, the referenced statutes speak for themselves, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

46. Answering the allegations of Paragraph 46 of the Complaint, the referenced statute speaks for itself.

47. The City denies the allegations of Paragraph 47 of the Complaint.

48. The allegations of Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

49. The City denies the allegations of Paragraph 49 of the Complaint.

50. The City denies the allegations of Paragraph 50 of the Complaint.

51. The City denies the allegations of Paragraph 51 of the Complaint.

52. The City denies the allegations of Paragraph 52 of the Complaint.

53. Answering the allegations of Paragraph 53 of the Complaint, the City denies that Plaintiffs are entitled to any form of relief.

54. Answering the allegations of Paragraph 54 of the Complaint, the City denies that Plaintiffs are entitled to any form of relief.

6

## **FOR A FIRST DEFENSE**
## **AS TO THE SECOND CAUSE OF ACTION**

55. Responding to Paragraph 55 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 54 as though set forth herein verbatim.

56. Answering the allegations of Paragraph 56 of the Complaint, the referenced constitutional provision speaks for itself, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

57. The allegations of Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

58. The allegations of Paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

59. Answering the allegations of Paragraph 59 of the Complaint, the referenced ordinance and its legislative history speaks for itself.

60. The City denies the allegations of Paragraph 60 of the Complaint.

61. The City denies the allegations of Paragraph 61 of the Complaint.

62. The allegations of Paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

63. The allegations of Paragraph 63 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

64. The allegations of Paragraph 64 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

65. Answering the allegations of Paragraph 65 of the Complaint, the referenced constitutional provision speaks for itself.

66. The City denies the allegations of Paragraph 66 of the Complaint.

67. The City denies the allegations of Paragraph 67 of the Complaint.

68. The City denies the allegations of Paragraph 68 of the Complaint.

69. The City denies the allegations of Paragraph 69 of the Complaint.

70. The City denies the allegations of Paragraph 70 of the Complaint.

71. The City denies the allegations of Paragraph 71 of the Complaint.

72. The City denies the allegations of Paragraph 72 of the Complaint.

73. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint and, therefore, denies them.

74. The City denies the allegations of Paragraph 74 of the Complaint.

75. The City denies the allegations of Paragraph 75 of the Complaint.

76. The City denies the allegations of Paragraph 76 of the Complaint.

77. Answering the allegations of Paragraph 77 of the Complaint, the City denies that Plaintiffs are entitled to any form of relief.

**FOR A FIRST DEFENSE**
**AS TO THE THIRD CAUSE OF ACTION**

78. Responding to Paragraph 78 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 77 as though set forth herein verbatim.

79. No answer is required as to the allegations of Paragraph 79 of the Complaint because Plaintiffs' claim under the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution was dismissed with prejudice by order entered December 28, 2022 (ECF No. 31).

80. Answering the allegations of Paragraph 80 of the Complaint, the referenced constitutional provision speaks for itself.

81. The City denies the allegations of Paragraph 81 of the Complaint.

82. The City denies the allegations of Paragraph 82 of the Complaint.

83. No answer is required as to the allegations of Paragraph 83 of the Complaint because Plaintiffs' claim under the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution was dismissed with prejudice by order entered December 28, 2022 (ECF No. 31).

84. Answering the allegations of Paragraph 84 of the Complaint, Plaintiffs' claim under the Privileges and Immunities Clause of the Fourteenth Amendment to the U.S. Constitution was dismissed with prejudice by order entered December 28, 2022 (ECF No. 31). The City denies that Plaintiffs are entitled to any relief under the Privileges and Immunities Clause of the South Carolina Constitution.

85. The City denies the allegations of Paragraph 85 of the Complaint and denies that Plaintiffs are entitled to any form of relief.

86. The City denies the allegations of Paragraph 86 of the Complaint and denies that Plaintiffs are entitled to any form of relief.

**FOR A FIRST DEFENSE
AS TO THE FOURTH CAUSE OF ACTION**

87. Responding to Paragraph 87 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 86 as though set forth herein verbatim.

88. Answering the allegations of Paragraph 88 of the Complaint, the referenced constitutional provision speaks for itself, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

89. Answering the allegations of Paragraph 89 of the Complaint, the referenced constitutional provision speaks for itself, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

90. The City denies the allegations of Paragraph 90 of the Complaint.

91. The City denies the allegations of Paragraph 91 of the Complaint.

92. The City denies the allegations of Paragraph 92 of the Complaint.

93. Answering the allegations of Paragraph 93 of the Complaint, the City denies that Plaintiffs are entitled to any form of relief.

94. The City denies the allegations of Paragraph 94 of the Complaint and denies that Plaintiffs are entitled to any form of relief.

95. Answering the allegations of Paragraph 95 of the Complaint, the City denies that Plaintiffs are entitled to any form of relief.

## FOR A FIRST DEFENSE
## AS TO THE FIFTH CAUSE OF ACTION

96. Responding to Paragraph 96 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 95 as though set forth herein verbatim.

97. The City denies the allegations of Paragraph 97 of the Complaint

98. The City denies the allegations of Paragraph 98 of the Complaint.

99. Answering the allegations of Paragraph 99 of the Complaint, the City admits that Plaintiffs' Complaint purports to allege the claims listed in sub-paragraphs (a)-(c) but denies the substance of those claims and denies that Plaintiffs are entitled to any form of relief as to such claims.

100. Answering the allegations of Paragraph 100 of the Complaint, the City admits that Plaintiffs' Complaint purports to allege the claims listed in sub-paragraphs (a)-(c) but denies the substance of those claims and denies that Plaintiffs are entitled to any form of relief as to such claims.

101. The City denies the allegations of Paragraph 101 of the Complaint.

102. The City denies the allegations of Paragraph 102 of the Complaint.

103. The City denies the allegations of Paragraph 103 of the Complaint.

**FOR A FIRST DEFENSE**
**AS TO THE SIXTH CAUSE OF ACTION**

104. Responding to Paragraph 104 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 103 as though set forth herein verbatim.

105. Answering the allegations of Paragraph 105 of the Complaint, the referenced Title and Chapter speak for themselves, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

106. Answering the allegations of Paragraph 106 of the Complaint, the referenced statute speaks for itself, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

107. Answering the allegations of Paragraph 107 of the Complaint, the referenced statute speaks for itself, and any further allegations are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

108. The allegations of Paragraph 108 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

109. The City denies the allegations of Paragraph 109 of the Complaint.

110. The City denies the allegations of Paragraph 110 of the Complaint.

111. Answering the allegations of Paragraph 111 of the Complaint, the City denies that Plaintiffs are entitled to any form of relief.

112. The City denies the allegations of Paragraph 112 of the Complaint and denies that Plaintiffs are entitled to any form of relief.

## FOR A FIRST DEFENSE
## AS TO THE SEVENTH CAUSE OF ACTION

113. Responding to Paragraph 113 of the Complaint, the City repeats and restates its answers to Paragraphs 1 through 112 as though set forth herein verbatim.

114. No answer is required as to the allegations of Paragraph 114 of the Complaint because Plaintiffs' Seventh Cause of Action was dismissed for failure to state a claim by order entered December 28, 2022 (ECF No. 31). To the extent a response is required, the City denies the allegations.

115. No answer is required as to the allegations of Paragraph 115 of the Complaint because Plaintiffs' Seventh Cause of Action was dismissed for failure to state a claim by order entered December 28, 2022 (ECF No. 31). To the extent a response is required, the City denies the allegations.

116. No answer is required as to the allegations of Paragraph 116 of the Complaint because Plaintiffs' Seventh Cause of Action was dismissed for failure to state a claim by order entered December 28, 2022 (ECF No. 31). To the extent a response is required, the City denies the allegations.

117. No answer is required as to the allegations of Paragraph 117 of the Complaint because Plaintiffs' Seventh Cause of Action was dismissed for failure to state a claim by order entered December 28, 2022 (ECF No. 31). To the extent a response is required, the City denies the allegations.

118. No answer is required as to the allegations of Paragraph 118 of the Complaint because Plaintiffs' Seventh Cause of Action was dismissed for failure to state a claim by order entered December 28, 2022 (ECF No. 31). To the extent a response is required, the City denies the allegations.

119. No answer is required as to the allegations of Paragraph 119 of the Complaint because Plaintiffs' Seventh Cause of Action was dismissed for failure to state a claim by order entered December 28, 2022 (ECF No. 31). To the extent a response is required, the City denies the allegations.

### AS TO THE PRAYER FOR RELIEF

120. The City denies any averments of fact contained in the Prayer for Relief and further denies that Plaintiffs are entitled to any form of relief on any of their claims.

### AS A SECOND DEFENSE
### (Failure to State A Claim)

121. Plaintiffs' Complaint fails to state facts sufficient to constitute any claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

### AS A THIRD DEFENSE
### (State Action Immunity)

122. The City is entitled to immunity from suit as to Plaintiffs' federal and state antitrust claims pursuant to the state-action doctrine.

### AS A FOURTH DEFENSE
### (Local Government Antitrust Act)

123. To the extent the City is not entitled to state-action immunity as to Plaintiffs' antitrust claims, it is immune from damages pursuant to the Local Government Antitrust Act, 15 U.S.C. § 35(a).

### AS A FIFTH DEFENSE
### (S.C. Tort Claims Act – Immunity)

124. The City generally asserts each and every applicable immunity available to it pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*.

125. The City specifically pleads that it is immune from suit pursuant to the exceptions

to waiver of immunity set forth in S.C. Code Ann. § 15-78-60(1), (2),(3), (4), (5), and (23).

## AS A SIXTH DEFENSE
### (S.C. Tort Claims Act – Limitations on Damages)

126. Pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, any award of actual damages against the City is limited by the statutory caps set forth in S.C. Code Ann. § 15-78-120.

127. Pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, the City is immune from any award of punitive damages and prejudgment interest.

## AS A SEVENTH DEFENSE
### (Plaintiffs' Violation of the Law)

128. Plaintiffs knew or should have known City ordinances prohibit delivering and setting up rented beach equipment on the public beach. By nevertheless engaging in this conduct, Plaintiffs assumed the risk that they would be cited for violating the law.

129. Any fines and/or attorneys' fees related to citations issued to Plaintiffs resulted from Plaintiffs' knowing and intentional violation of the law and are not recoverable as damages.

## AS AN EIGHTH DEFENSE
### (Unenforceable Contracts)

130. Any contracts Plaintiffs entered into that included delivery and set up of rented beach equipment were illegal and void *ab initio* and therefore cannot provide the basis for any claim for liability or damages against the City.

## AS A NINTH DEFENSE
### (Unclean Hands)

131. Plaintiffs' claims are barred by the doctrine of unclean hands based on their knowing and intentional violations of City ordinances prohibiting delivery and set up of rented beach equipment on the City's public beaches.

## AS A TENTH DEFENSE
### (Estoppel)

132. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, assumption of risk, and/or comparative fault.

## AS AN ELEVENTH DEFENSE
### (Intrastate Conduct)

133. Plaintiffs' claim under the South Carolina Antitrust Act is barred because such Act applies only to intrastate conduct, but Plaintiffs have alleged interstate conduct.

## AS A TWELFTH DEFENSE
### (No Private Right of Action)

134. Plaintiffs' claims under S.C. Code Ann. § 39-3-110 and/or § 39-3-120 are barred because those statutes do not confer a private right of action, per S.C. Code Ann. § 39-3-190 and the governing case law in interpretation thereof.

## AS A THIRTEENTH DEFENSE
### (Failure to Mitigate)

135. Plaintiffs are barred from recovery to the extent they have failed to avoid or mitigate their damages.

## AS A FOURTEENTH DEFENSE
### (Qualified Privilege)

136. To the extent the City published any statements regarding Plaintiffs (which is denied), such publication occurred under circumstances giving rise to a qualified privilege.

## AS A FIFTEENTH DEFENSE
### (Truth)

137. To the extent the City published any statements regarding Plaintiffs (which is denied), any such statements were true.

15

## AS A SIXTEENTH DEFENSE
### (Self-Publication)

138. Any alleged defamatory statements were self-publicized by Plaintiff, and thus do not constitute actionable defamation.

## AS A SEVENTEENTH DEFENSE
### (No Special Damages)

139. Plaintiffs' defamation claim is barred because they have not suffered any special damages.

## AS AN EIGHTEENTH DEFENSE
### (Statutory Authorization)

140. Plaintiffs' claims are barred because the City acted at all times pursuant to specific statutory authorization and power to regulate for the general welfare, safety, and health of its citizens and visitors.

## AS A NINETEENTH DEFENSE
### (Lack of Standing)

141. Plaintiffs' claims are barred, in whole or in part, due to lack of statutory or constitutional standing. Further, Plaintiffs Derek Calhoun and Jacqueline Calhoun lack the necessary standing to assert claims on behalf of the limited liability company which is also a Plaintiff in this action.

## AS A TWENTIETH DEFENSE
### (No Attorneys' Fees)

142. Plaintiffs are not entitled to attorneys' fees because neither S.C. Code Ann. § 15-77-300 nor § 15-53-100 applies here.

## AS A TWENTY-FIRST DEFENSE
### (Legal Authority)

143. The City submits that all of its actions in the adoption and enforcement of its lawful ordinances are specifically authorized by South Carolina statutory law, including S.C. Code Ann.

§ 5-7-30 and § 5-7-145, by constitutional authority, and by the "Home Rule Doctrine," and for these reasons, Plaintiffs' claims fail as a matter of law.

### AS A TWENTY-SECOND DEFENSE
**(Substantial Justification)**

144.   The City submits that all of its actions in this matter were conducted with substantial justification, made in good faith, pursuant to probable cause, and were reasonable under all of the circumstances, all of which serve as a bar and a defense to Plaintiffs' claims.

WHEREFORE, having fully answered the complaint of the Plaintiffs herein, the Defendant requests that the complaint be dismissed and that it be awarded the costs of this action, and for such other relief as the Court may deem just and proper.

*Signature page follows.*

Respectfully submitted,

s/Elbert S. Dorn
Elbert S. Dorn, Esquire (Fed ID No. 04895)
NEXSEN PRUET, LLC
1101 Johnson Avenue, Suite 300
Myrtle Beach, SC  29577
Phone: 843.213.5412
Fax: 843.216.5414
Edorn@nexsenpruet.com

Marguerite S. Willis (Fed ID No. 11293)
Michael A. Parente (Fed ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
Phone: 803.771.8900
Fax: 803.253.8277
Mwillis@nexsenpruet.com
Mparente@nexsenpruet.com

Kirsten E. Small (Fed ID No. 10005)
NEXSEN PRUET, LLC
104 South Main Street, Suite 900
Greenville, SC  29601
Phone: 864.282.1112
Fax: 864.477.2619
Ksmall@nexsenpruet.com

January 11, 2023                    *Attorneys for Defendant*
                                    *City of North Myrtle Beach*