UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cherry Grove Beach Gear, LLC, Derek Calhoun, and Jacqueline Calhoun, | ) ) ) ) | Case No. 4:22-cv-02198 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT** |
| City of North Myrtle Beach, | ) ) ) | |
| Defendant. | ) ) ) | |

**TO:    THE DEFENDANT ABOVE-NAMED:**

**PLEASE TAKE NOTICE** that on the tenth day after service hereof, or at such other time as the Court may schedule a hearing on this matter, the Plaintiffs, Cherry Grove Beach Gear, LLC, Derek Calhoun, and Jacqueline Calhoun (hereinafter "Plaintiffs") will move before the Court for an Order pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* to alter and/or amend the Court's Order Granting Defendant's Motion for Summary Judgment dated September 6, 2024.

On or about July 11, 2022 Plaintiffs filed the Complaint in this action and alleged several causes of action. Dkt. Entry 1. On or about November 20, 2023 Defendant filed a motion for summary judgment. Dkt. Entry 58. Plaintiff on or about December 4, 2023 filed a response in opposition to Defendant's motion for summary judgment. Dkt. Entry 61. The Court thereafter issued its Order dated September 6, 2024, granting Defendant's motion for summary judgment.

Plaintiffs respectfully request that this Court reconsider its Order granting summary judgment and amend its Order with respect to Plaintiffs' antitrust cause of action and then amend its Order as to Plaintiff's other causes of action after a proper state-action immunity analysis has occurred. This Court's Order does not make a sufficient finding that Defendant's anticompetitive conduct is being carried out pursuant to a clearly articulated state policy to displace competition. Instead, the Court's Order appears to give great deference to the Defendant because it is a municipality and disposes of Plaintiff's antitrust cause of action using cannons of statutory construction instead of fleshing out a state-action immunity analysis. This Court's Order fails to make clear the statutory provisions that clearly articulate a state policy to displace competition in the set up and delivery market of beach wares. In addition, said Order does not appear to align with the relevant antitrust common law as developed by the United States Supreme Court.

It is clear from the Supreme Court's ruling in Community Communications Co. v. Boulder, that general Home Rule authority does not satisfy the clear articulation test. 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982). Furthermore, the Supreme Court held in Phoebe that a state law vesting a local governmental entity with general corporate powers and allowing it to acquire hospitals "d[id] not clearly articulate and affirmatively express a state policy empowering the [entity] to make acquisitions of existing hospitals that w[ould] substantially lessen competition." Chamber of Commerce of the United States v. City of Seattle, 890 F.3d 769 (9th Cir. 2018). If the state policy does not clearly articulate a policy to displace competition, it is sufficient that the anticompetitive activity complained of is the foreseeable result of the state policy and the anticompetitive activity would logically result from the state policy. See Town of Hallie vs. City of Eau Claire, 471 U.S. 34, 85. It is not, however, sufficient that any anticompetitive activity is foreseeable from the state policy, rather it needs to be foreseeable that

the anticompetitive activity complained of logically would result from the state policy. In <u>Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc.,</u> 568 U.S. 216 (2013), Writing a unanimous opinion of the United States Supreme Court, Justice Sotomayor wrote: the Court has found a state policy to displace federal antitrust law was sufficiently expressed where the displacement of competition was the inherent, logical, or ordinary result of the exercise of authority delegated by the state legislature. In that scenario, the State must have foreseen and implicitly endorsed the anticompetitive effects as consistent with its policy goals. See *Hallie,* 471 U. S., at 41; *Omni,* 499 U. S., at 373. By contrast, when a State grants an entity a general power to act, it does so against the backdrop of federal antitrust law.

The <u>Phoebe</u> Court reasoned that "state-action immunity fails because there is no evidence the State affirmatively contemplated that hospital authorities would displace competition by consolidating hospital ownership." The Court further reasoned that the Georgia Statutes giving the Authority the ability to lease and purchase other hospitals was simply authority to act, similar to Home Rule powers in <u>Community Communications Co. v. Boulder,</u> 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982).

This Court's Order does not align with the above cases. The plain language of the statute precludes any notion that the City's anticompetitive practices are a foreseeable result that would logically result from a reading of S.C. Code Ann. § 5-7-145. The City, under said statute, is authorized to provide lifeguards itself or via a contracted private beach safety company. This is the only authority designated to the City under said statute. Nothing in said statute mentions anything about how the lifeguard services are to be funded. If the City decided to employee a private beach safety company to provide lifeguards, then Section (b) of the statute imposes certain requirements. Section (b) expressly requires competition - it does not displace

Page 3 of 5

Cherry Grove Beach Gear, LLC, et al. vs. City of North Myrtle Beach
Case No. 4:22-cv-02198-RBH
WWPEM, PLLC File No. SC-9868-001

competition. Section (b) requires the franchise to be competitively bid, restricts the duration to no more than seven (7) years, meaning the franchise must be competitively bid again every seven (7) years. To hold that S.C. Code Ann. § 5-7-145 is a clearly articulated state policy to displace competition in the set up and delivery of beach wares is illogical when said statute specifically requires competition.  In <u>Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc.,</u> the Supreme Court held that while the authorizing statute allowed the hospital authority to acquire hospitals it could not do so in an anticompetitive way. Similarly, the City of North Myrtle Beach has the authority to provide safety related services under S.C. Code Ann. § 5-7-145, however nothing in the law allows the City to fund the safety related services via a municipal run monopoly on the set up and delivery of beach wares. Respectfully, this Court's Order somewhat confusingly states that since S.C. Code Ann. § 5-7-145 allows for a private beach safety company to be the exclusive provider of beach wares after it has been awarded a franchise that was competitively bid and may not last more than 7 years, that it logically flows that the City of North Myrtle beach may be the exclusive provider of set up and delivery of beach wares despite meeting none of the conditions as required in subsection b. Such a ruling is illogical and does not align with the case law as set forth by the Supreme Court of the United States.

Thus, the Plaintiffs ask this Court to amend its Order to deny Defendant's motion for summary judgment and/or complete a state-action immunity analysis and make specific findings as to what the clearly articulated sate policy to displace competition is. Plaintiffs further ask this Court to reconsider its ruling on the Plaintiffs' other causes of action if and when it amends its Order as to Plaintiffs' antitrust cause of action.

Cherry Grove Beach Gear, LLC, et al. vs. City of North Myrtle Beach
Case No. 4:22-cv-02198-RBH
WWPEM, PLLC File No. SC-9868-001

Respectfully submitted,

**WRIGHT, WORLEY, POPE, EKSTER & MOSS, PLLC**
*Attorneys for Plaintiffs*

s/ **Kenneth R. Moss**

Kenneth R. Moss, FID # 10754
George N. Spirakis, FID# 5398
628A Sea Mountain Highway
North Myrtle Beach, SC 29582
Tel: 843/ 281-9901 / Fax: 843/ 281-9903
KennethMoss@wwpemlaw.com
GeorgeSpirakis@wwpemlaw.com

**ROBERT E. LEE, LLC**
*Attorney for the Plaintiffs*

*s/ Robert E. Lee*

Robert E. Lee, FID # 5509
P.O. Box 1096
Marion, SC 29571
tel: (843) 423-1313 fax: (843) 423-1397
Email: rel@rellawfirm.com

North Myrtle Beach, SC

October 2, 2024

Page 5 of 5

Cherry Grove Beach Gear, LLC, et al. vs. City of North Myrtle Beach
Case No. 4:22-cv-02198-RBH
WWPEM, PLLC File No. SC-9868-001